RICHARD A. SALVATORE, ESQ.
State Bar No. 6809
MIDTOWN LAW
301 FLINT ST,
Reno, NV 89501
(775) 786-5800
*Rich@mlreno.com*

*Attorneys for Plaintiffs*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| MICHAEL TEDESCO, individually, and as Administrator of the ESTATE OF RYAN TEDESCO,<br><br>        Plaintiffs,<br>vs.<br><br>COUNTY OF CARSON CITY;<br>CARSON CITY SHERIFF'S DEPT;<br>KEN FURLONG, individually, and in his official capacity as Sheriff for COUNTY OF CARSON CITY; and DOES I through XX, inclusive,<br><br>        Defendants. | Case No.<br><br>COMPLAINT FOR DAMAGES (42 U.S.C § 1983; and pendant tort claims), AND DEMAND FOR JURY TRIAL |

COMES NOW, MICHAEL TEDESCO, Individually, and as Administrator of the ESTATE OF RYAN TEDESCO, by and through their attorneys, Richard A. Salvatore, MIDTOWN LAW, and file suit against the above-captioned Defendants, and in support thereof, state as follows:

**INTRODUCTION**

1. This case arises out of the injury and wrongful death of twenty-nine-year-old RYAN TEDESCO while detained by the CARSON CITY SHERIFF'S DEPARTMENT.

2. Plaintiffs bring these claims against Defendants because of Defendants' abject failure to provide any medical care to RYAN TEDESCO, while incarcerated at the Carson City Jail.

**JURISIDICTION AND VENUE**

3. This is a civil rights wrongful death/survival action arising from Defendants' failure to provide any medical care, resulting in the death of RYAN TEDESCO, in Carson City, County of Carson City. This Court has jurisdiction over this action against the Defendants pursuant to 42 U.S.C.

1

§1983 and 1988, and the Fourth, Eighth and Fourteenth Amendments to the United States Constitution, as well as the laws and Constitution of the State of Nevada.  Jurisdiction is foundered upon 28 U.S.C. §1331 and 1343(a)(3) and (4), and the aforementioned statutory and constitutional provisions.  This Court has jurisdiction over the pendant state law tort claims pursuant to 28 U.S.C. §1367.

4. Venue is proper in the District of Nevada because the acts or omissions which form the basis of the Plaintiffs' claims occurred in County of Carson City, Nevada.

## PARTIES

5. Plaintiff herein MICHAEL TEDESCO is, and at all times mentioned herein, is a competent adult who appears both individually and as the Administrator of THE ESTATE OF RYAN TEDESCO and RYAN TEDESCO (hereinafter "DECEDENT"). At all times relevant, Plaintiffs were residents of the State of California. Plaintiff MICHAEL TEDESCO is the surviving parent of DECEDENT and is entitled to bring these claims individually pursuant to NRS § 41.100.

6. Defendant, COUNTY OF CARSON CITY (hereinafter "COUNTY"),  is and at all times herein mentioned, a municipal entity duly organized and existing under the laws of the State of Nevada, and at all relevant times hereto acted by and through its agents, servants and/or employees. . Defendant COUNTY is responsible for the policies, procedures, practices and customs created, promulgated, implemented and enforced at the CARSON CITY SHERIFF's DEPT. through its various agencies, agents, departments, representatives, officials, and/or employees. At all times mentioned COUNTY was the owner and/or operator of the Carson City Jail where decedent was housed under arrest. Defendant

7. CARSON CITY SHERIFF'S DEPT. (hereinafter "CCSD) is and at all times herein mentioned, is a Sheriff's Department in the State of Nevada, duly organized under the the laws of the State of Nevada. At all times mentioned CARSON CITY SHERIFF'S DEPT. was the owner and/or operator of the Carson City Jail where the decedent was housed under arrest.   At all relevant times hereto, Defendant CCSD acted by and through its officers, agents, servants and/or employees. Defendant CCSD is responsible for the policies, procedures, practices and customs created, promulgated, implemented and enforced at CCSD, through its various agencies, agents, departments, representatives, officials, and/or employees.

8. Defendant SHERIFF KEN FURLONG (hereinafter "SHERIFF" or "FURLONG") was at all times the individual in charge of the Carson City Jail and in charge of creating, instituting, maintaining, and complying with its own internal policy and procedures as well as State and Federal laws pertaining to the operation of said Jail.

8. Defendant FURLONG was, at all relevant times, the Sheriff of the County of Carson City, the highest position in the Carson Sheriff's Department. As Sheriff, Defendant FURLONG was responsible for the hiring, screening, training, retention, supervision, discipline, counseling, and control of all Carson Sheriff's Department deputies and custodial employees and/or agents, medical staff and Doe Defendants. FURLONG is being sued in his individual and official capacity.

9. At all times relevant to this complaint, Defendant FURLONG was the policy maker for the Carson City Sheriff's Department and responsible for promulgation of the policies and procedures and allowance of the practices/customs pursuant to which the acts of the Sheriff's Department alleged herein were committed, as well as the supervision and control of officers who are or were employed by the SHERIFF, who are under his command and/or who report to him, including the Defendants to be named.

10. On information and belief, there are other Defendants. Due to the fact that Carson City Sherriff's Department has refused no less than three public records requests, despite Plaintiffs providing all required releases, Carson City Sherriff refused and has not responded to demands for jail records and records of medical treatment at the Carson City Jail. As of this date, no medical treatment records of any kind have been provided, nor have any other records of the care and treatment of Ryan Tedesco.

11 At all times relevant to this complaint, all individual defendants and Does I-XX were Carson City sheriff deputies and agents of Defendant COUNTY.

12. At all material times, each Defendant acted under color of the laws, statutes, ordinances, and regulations of the State of Nevada.

13 Plaintiffs are informed, believe and thereon allege that each of the individual named defendants herein are either law enforcement officers, supervisors, and/or deputies or agents with

3

COUNTY and/or other law enforcement, and are sued herein in their individual capacity, and/or in their official capacity, insofar as they were acting in the course and scope of their employment.

14. Defendants include unidentified law enforcement officers and/or deputies employed by defendant COUNTY and/or CARSON CITY SHERIFF'S DEPARTMENT, and DOES I through X, are either deputy sheriffs and/or police officers and other law enforcement officers who were acting in the course and scope of their employment during the incidents detailed herein. At all times mentioned, DOE defendants I-X were agents or employees of co-defendant, and/other local entities and/or municipalities in doing the things alleged were acting within the course and scope of such agency or employment and with the actual and implied permission, consent, authorization, ratification and approval of all other defendants.

15. At all times mentioned, DOES defendants XI -XX were local and/or municipal entities, duly organized and existing under the laws of the State of Nevada, and in doing the things alleged were acting within the course and scope of such agency or employment and with the actual and implied permission, consent, authorization, ratification and approval of all other defendants.

16. Plaintiffs are ignorant of the true names and capacities of defendant DOES 1 through 30, inclusive, and therefore sue these defendants by such fictitious names. Plaintiff is informed and believes and thereon alleges that each defendant so named is responsible in some manner for the injuries and damages suffered by plaintiffs as set forth. Plaintiff will amend his complaint to state the true names and capacities of defendants DOES 1 through 30, inclusive, when they have been ascertained.

17. In doing the acts and/or omissions alleged herein, Defendants, and each of them, acted within the course and scope of their employment.

18. In doing the acts and/or omissions alleged herein, Defendants, and each of them, acted under color of authority and/ under color of law.

19. Due to the acts and/or omissions alleged herein, Defendants, and each of them, acted as the agent, servant, and employee and/or in concert with each of the said other Defendants herein.

20. This Complaint may be pled in the alternative pursuant to Fed.R.Civ.P.8(d)(2).

# FACTUAL BACKGROUND

21. Plaintiffs incorporate by reference all of the above paragraphs as if set forth fully herein.

22. Upon information and belief, on June 27, 2021, Ryan Tedesco was arrested for a non-violent crime and placed in the custody of CCSD and COUNTY at the Carson City Jail. At the time of his arrest, Ryan Tedesco was a known opiate user and suffering from symptoms related to detoxification.

23. On June 28, 2001 at 1:28 a.m., Ryan Tedesco was booked into the Carson City jail. On information and belief, when booked in Carson City Jail, Defendants knew that he was under the influence of heroin and other drugs and knew or should have known that he was suffering withdrawal.

24. After being booked, Ryan Tedesco began having withdrawal issues in his cell. He was vomiting coffee ground-like emesis with abdominal pain and was lethargic. Ryan reported to the Sherriff's deputie(s) that he was having illicit drug withdrawals, abdominal pain, lethargy, shortness of breath, nausea and vomiting.

25. Despite these serious medical conditions, the SHERIFF, DOES I-XX, CCSD and COUNTY failed to provide any medical care and/or failed to timely transport Ryan Tedesco to the hospital until July 1, 2021 at 9:12 a.m.

26. On information and belief, defendants failed to provide Ryan Tedesco any medical care for 80 hours.

27. Defendants' conduct, as described above and herein, was undertaken in bad faith and with malice, bad motive, evil intent and deliberate and/or reckless indifference to and callous disregard for Ryan Tedesco's constitutional rights to medical care causing grievous injuries, harm and death under the Fourteenth Amendment to the United States Constitution, as a result of being in the custody of Defendants.

28. As a direct and proximate result of Defendants' conduct, as described above and herein, Micah Abbey was caused to suffer grievous physical injuries, significant conscious pain and suffering, and an agonizing death.

29. As a direct and proximate result of each Defendants' acts and/or omissions, Plaintiffs sustained the following injuries and damages, past and future, among others: wrongful death of Ryan

Tedesco; funeral and burial expenses; loss of familial relationship, including loss of love, companionship, comfort, affection, consortium, solace, society and moral support; violation of constitutional rights; all damages and penalties recoverable under 42 U.S.C. §1983 and 1988, and otherwise allowed under Nevada and United States statutes, codes, and common law; Ryan Tedesco's loss of life, pursuant to federal civil rights law; and Ryan Tedesco's conscious pain and suffering, pursuant to federal civil rights law.

## COUNT I

## VIOLATION OF 42 U.S.C. § 1983

### (Plaintiffs v FURLONG, and DOES I-X)

30. Plaintiffs realleges all prior paragraphs of this complaint and incorporates the same herein by this reference.

31. Defendants violated their duties under the Eighth and Fourteenth Amendments to the United States Constitution to provide Ryan Tedesco with conditions of confinement that reasonably accommodated his plainly obvious medical needs, thereby making them liable to Plaintiff under 42 U.S.C. § 1983.

32. Defendants and their deputies acted under color of law by failing to address ongoing and systemic failures of the Carson City Jail for failing to instate policies and procedures to reduce detox deaths, failing to have adequate staffing, failing to identify and address the needs of "high risk" inmates , failing to care for opiate users in a state of detox, failing to respond to the medical needs of its inmates, and in this case failing to respond to specific serious medical conditions and provide medical care. The deprivation of constitutionally protected rights includes, but are not limited to:

a. The right to be free from unreasonable searches and seizures, as guaranteed by the Fourth and Fourteenth Amendments to the U.S. Constitution;

b. The right to be free of cruel and unusual punishment as guaranteed by the Eighth Amendment to the U.S. Constitution.

c. The right not to be deprived of life or liberty without the due process of law, as guaranteed by the Fourteenth Amendments to the U.S. Constitution.

33.   Defendants' deputies committed wrongful acts which proximately caused personal injury and the death of Ryan Tedesco.

34.   Defendants' deputies knew or should have known Ryan Tedesco was in medical distress, but failed to render aid or send him for care, leaving him to eventually die.

35.   Defendants' deputies knew or should have known that Ryan Tedesco in serious need of medical care and/or was dying but failed to render any medical care or transport him to the hospital in a timely manner.

36.   Defendants' deputies deprived Ryan Tedesco of his rights under the United States Constitution to be free from cruel and unusual punishment and punishment without due process.

37.   All Defendants, its agents and employees acted with deliberate indifference to Ryan Tedesco's urgent and immediate medical needs in violation of the cruel and unusual punishment clause of the Eighth Amendment to the U.S. Constitution and/or procedural due process protections of the Fourteenth Amendment to the U.S. Constitution.

38.   The conduct alleged herein violated Ryan Tedesco's rights alleged above thereby resulting in a deprivation of Plaintiffs' civil rights alleged above which has legally, proximately, foreseeably and actually caused Plaintiff to suffer physical and emotional distress, pain and suffering, death and further general and special damages according to proof at the time of trial.

39.   At all times pertinent hereto, defendants negligently and/or deliberately so failed and refused to perform said duties, and/or did so in conscious and reckless disregard for the likelihood that such conduct would result in the deprivation of civil rights of Ryan Tedesco, Plaintiffs and others similarly situated. Defendants', and each of their, acts or omissions were done under color of state law and of their authority as law enforcement officers employed by and or under the control of defendant COUNTY and/or CCSD, and deprived plaintiffs of their rights all as guaranteed by the Fourteenth Amendment and/or Eighth Amendment to the Constitution of the United States without due process and/or equal protection of law and of the substantive rights guaranteed thereunder.

40.   As a direct and proximate consequence of defendants' conduct as alleged herein, Ryan Tedesco and plaintiffs were damaged generally and specially by suffering physical and mental injuries and damages attendant thereto, including, but not limited to, pain, fear, shock, outrage, anguish,

7

humiliation, embarrassment, alienation, helplessness and despair, severe emotional distress, and consequent medical and other special economic losses and each of the other damages alleged herein. Plaintiff was damaged as aforesaid and is entitled to recover damages for each such injury, including reasonable attorney fees and costs pursuant to 42 U.S.C. § 1988 and applicable Nevada statutes.

41. Defendants' breach of duty and deliberate indifference to the consequences of their conduct, all as set forth herein, and the conduct of defendants and each of them acting with malice, fraud or oppression, justifies an award of punitive damages. The conduct of Defendants FURLONG and DOES I-X entitles plaintiffs to damages, punitive damages and penalties allowable under 42 U.S.C. 42 U.S.C. §1983 and NRS 42.005.

42. In doing the acts described above, defendants acted with malice, fraud or oppression, and with conscious disregard of the rights of Ryan Tedesco and plaintiffs.

## COUNT II

## 42 U.S.C. § 1983 – MONELL CLAIM

### (Plaintiffs v COUNTY, CCSD, and DOES XI-XX)

43. Plaintiffs incorporate by reference all of the above paragraphs as if set forth fully herein.

44. The unconstitutional actions and/or omissions of Defendants FURLONG and DOES I-X, as well as other officers or deputies employed by or acting on behalf of Defendants COUNTY and/or CCSD, and on information and belief, were pursuant to the following customs, policies, practices, and/or procedures of CITY, RPD, and DOES XI-XX stated in the alternative, which were directed, encouraged, allowed, and/or ratified by policy-making officers of COUNTY, CCSD, and DOES 10-20:

    a. In failing to provide adequate medical services to Ryan Tedesco;

    b. In failing to recognize that Ryan Tedesco needed medical care;

    c. In failing to provide medication to Ryan Tedesco;

    d. In failing to have any medical personnel examine Ryan Tedesco; and

    e.  In failing to supervise and treat Ryan Tedesco while he was detoxifying from drugs.

    f.  In failing to use appropriate and generally accepted law enforcement procedures in handling citizens in custody suffering from withdrawal of opiates and other drugs; To use or tolerate the use of excessive and/or unjustified force;

    g.  To cover up violations of constitutional rights by any or all of the following:

     i.  By failing to properly investigate and/or evaluate complaints or incidents of failures to provide medical care.

     ii.  By ignoring and/or failing to properly and adequately investigate and discipline unconstitutional or unlawful police activity;

     iii.  By allowing, tolerating, and/or encouraging police officers of other deputies to withhold information which obstructs or interfere with investigations of unconstitutional or unlawful police conduct, by withholding and/or concealing material information;

    h.  To use or tolerate inadequate, deficient, and improper procedures for handling, investigating, and reviewing complaints of officer misconduct.

    i.  Policy of failing to discipline poorly performing officers.

45. Defendants COUNTY, CCSD, and DOES XI-XX had a significant prior opportunity to create, adopt, promulgate, implement, revise, update, utilize, and enforce policies, procedures, and/or protocols to help protect Ryan Tedesco from serious and foreseeable harm, including the serious risk of harm and death associated with incarcerating him and refusing to provide any medical care, particularly when the individual who is deprived of the care is suffering from opiate withdrawal.

46. Defendants COUNTY, CCSD, and DOES XI-XX intentionally, recklessly, and/or negligently failed to create, adopt, promulgate, implement, revise, update, utilize, and enforce policies, procedures, and/or protocols regarding the provision of inmates, specifically those inmates suffering withdrawal of opiates.

47. Defendants COUNTY, CCSD, and DOES XI-XX failed to properly hire, train, instruct, monitor, supervise, evaluate, investigate and discipline Defendants FURLONG and DOES I-X, and

Defendants COUNTY, CCSD, and DOES XI-XX personnel, acted with deliberate indifference to Plaintiffs' constitutional rights, which were thereby violated as described above.

48. The unconstitutional actions and/or omissions of Defendants FURLONG and DOES I-X, and other COUNTY and CCSD personnel, as described above, were approved, tolerated, and/or ratified by policy-making officials of COUNTY, CCSD and DOES XI-XX. Plaintiffs are informed and believe, and thereupon allege, the details of this incident have been revealed to the authorized makers within COUNTY, CCSD and DOES XI-XX, and that such policy makers have direct knowledge of the fact that their failure to provide medical care to Ryan Tedesco was not justified. Notwithstanding this knowledge, the authorized policymakers within COUNTY, CCSD and DOES XI-XX have approved Defendants FURLONG and DOES I-X's actions. By so doing, the authorized policymakers within COUNTY, CCSD and DOES XI-XX have shown affirmative agreement with the individual Defendant officers' and deputies' actions, and have ratified the unconstitutional acts of the individual Defendants.

49. The aforementioned customs, policies, practices, and procedures, the failures to adequately hire, train, instruct, monitor, supervise, evaluate, investigate, and discipline, as well as the unconstitutional orders, approvals, ratification and toleration or wrongful conduct by Defendants COUNTY, CCSD and DOES XI-XX, were a moving force and/or proximate cause of the deprivations of Plaintiff's clearly-established and well-settled constitutional rights in violation of 42 USC § 1983, as set forth above.

50. Defendants subjected Plaintiff to their wrongful conduct, depriving Plaintiff of rights described herein, knowingly, maliciously, and with conscious and reckless disregard for whether the rights and safety of Plaintiff and others would be violated by their acts and/or omissions.

51. The violations of Ryan Tedesco's substantive constitutional rights, and his resulting catastrophic injuries and death, were directly caused by Defendants' failure to properly supervise, educate, instruct, train and/or control their personnel in general, as well as in the following specific respects:

    a.    Failing to adequately supervise, instruct, train, and educate their officers and deputies in regard to the provision of medical care and the timely necessity to transfer inmates to a hospital;

    b.    Failing to adequately supervise, instruct, train, and educate the deputies in regard to interactions with individuals suffering from opiate and/or drug withdrawal health issues, including Ryan Tedesco, so that proper communication can occur, and potentially deadly medical events can be avoided;

    c.    Failing to adequately supervise, instruct, train, and educate their deputies to recognize serious medical conditions and how to respond to them;

    d.    Failing to adequately supervise, instruct, train, and educate their officers in the proper time to transfer an inmate to the hospital;

    e.    Failing to adequately supervise, instruct, train, and educate their deputies regarding the increased risk of serious injury of death that accompanies a prolonged withdrawal from opiates and other drugs;

    f.    Failing to adequately supervise, instruct, train, and educate their deputies in the proper use of medical devices to determine the health and wellness of inmates;

52. As a direct and proximate result of the unconstitutional actions, omissions, customs, policies, practices, and procedures Defendants COUNTY, CCSD and DOES XI-XX, Ryan Tedesco sustained catastrophic injuries which legally and proximately caused his death and Plaintiffs are entitled to damages, penalties, costs and attorney fees as set forth herein, and punitive damages against Defendants.

### COUNT III

**(Negligence - all Defendants)**

53. Plaintiffs reallege all prior paragraphs of this complaint and incorporate the same herein by this reference.

54. Defendants owed a duty to Plaintiff to provide medical care and services.

11

55. Defendants utterly failed to provide any medical care and were negligent and acted in bad faith in failing to take proper steps to treat and protect Plaintiff in one or more of the following ways:

    a) In failing to provide adequate medical services to Ryan Tedesco;

    b) In failing to recognize that Ryan Tedesco needed medical care;

    c) In failing to provide medication to Ryan Tedesco;

    d) In failing to have any medical personnel examine Ryan Tedesco;

    e) In failing to supervise and treat Ryan Tedesco while he was detoxifying from drugs; and

    f) In failing to timely transfer Ryan Tedesco to the hospital.

56. Defendants' conduct and inaction was done in bad faith and breached the Defendants' duty of care, which negates and waives sovereign immunity pursuant NRS 41.

57. Plaintiff's injuries resulted from the negligence of Defendants as alleged herein.

58. That as a direct and proximate result of the negligence, carelessness and recklessness of Defendants, and each of them, RYAN TEDESCO died.

59. That as a direct and proximate result of the negligence, carelessness and recklessness of Defendants, and each of them, Plaintiff MICHAEL TEDESCO as the wrongful death heir and beneficiary of RYAN TEDESCO, sustained damages for grief, sorrow, loss of support, companionship, society, comfort and consortium, and damages for pain, suffering and disfigurement of the decedent.

60. That as a direct and proximate result of the negligence, carelessness and recklessness of Defendants, and each of them, Plaintiff MICHAEL TEDESCO, Administrator of the Estate of RYAN TEDESCO has incurred medical expenses, funeral and burial expenses in an amount not yet ascertained, the exact amount to be proven at the time of trial.

61. Plaintiffs have been required to retain the services of an attorney to prosecute this matter and are entitled to be reimbursed for their attorney's fees and costs incurred herein.

///

///

///

**DEMAND FOR TRIAL BY JURY**

Plaintiffs demand a trial by jury for all issues triable by jury.

**DEMAND**

WHEREFORE, Plaintiffs respectfully request the following relief against each and every Defendant herein, jointly and severally and demand $5,000,000.00, as follows:

1. For general and specific compensatory and exemplary damages in an amount according to proof and which is fair, just and reasonable;

2. For punitive damages under 42 USC § 1983 and Nevada law in an amount according to proof and which is fair, just, and reasonable;

3. For all other damages, penalties, costs, interest, and attorney fees as allowed by 42 USC § 1983 and §1988 and as otherwise may be allowed by Nevada and/or federal law;

4. For attorney fees and costs of suit incurred herein;

5. For pre-judgment and post-judgment interest as allowed by law; and

6. To amend the Complaint as necessary as to DOE pleadings

7. For such other and further relief, at law or in equity, as this Court may deem equitable and just.

DATED: JUNE 19, 2023

*/s/ Richard Salvatore*
RICHARD A. SALVATORE, ESQ.
*Attorney for Plaintiffs*